NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        :
RASHAUN BARKLEY,                        :
                                        :   Civil Action No. 07-2760 (AET)
            Plaintiff,                  :
                                        :
      v.                                :   MEMORANDUM & ORDER
                                        :
MICHELLE R. RICCI, et al.,              :
                                        :
            Defendants.                 :
_____  :

THOMPSON, U.S.D.J.

I.   Introduction

  This matter comes before the Court on behalf of Plaintiff Rashaun Barkley's Motion for a Temporary Restraining Order [13], and Motion for Preliminary Injunction [19]. The Court has decided these motions based upon the submissions of the parties, without oral argument, pursuant to Fed. R. Civ. P. 78. For the reasons discussed below, Plaintiff's Motion for a Temporary Restraining Order is denied, and Plaintiff's Motion for Preliminary Injunction is denied.

BACKGROUND

  On June 14, 2007, Plaintiff filed a 42 U.S.C. § 1983 Complaint alleging that he was only receiving two hours of recreation per month for exercise and fresh air, in violation of New Jersey Administrative Code § 10A: 4-10.16 and § 10A: 5-2.21(a), constituting deliberate indifference and cruel and unusual punishment under the Eighth Amendment.

On October 11, 2007, Plaintiff filed a Motion for a Temporary Restraining Order ("TRO") to restrain the Defendants from "acting in a retaliatory manner," alleging that in retaliation for filing his Complaint, his cell was searched by two officers and a shank was planted in order to charge him with a disciplinary infraction, his legal materials were confiscated, therefore, impeding his legal access. (Pl.'s Mot. for TRO, ¶¶ 4-8; Pl.'s Mot for Prelim. Inj. ¶¶ 14-16.)

On October 19, 2007, Plaintiff filed a Motion for a Preliminary Injunction reiterating the allegations he made in the Motion for a Temporary Restraining Order and adding a claim that Defendant Ricci retaliated against Plaintiff by denying his request for congregate status following his release from administrative segregation.

On November 20, 2007, Defendants filed an opposition to Plaintiff's Motions for a Temporary Restraining Order and a Preliminary Injunction, as well as a Motion to Seal Exhibit C (the "exhibit") to the Declaration of Brenda A. Hutton, the New Jersey State Prisons Search Plan, filed in support of Defendants' opposition. On December 3, 2007, Defendants, rather than sealing the exhibit, requested an *in camera* review of the exhibit. Defendants assert that the exhibit contains confidential information, which cannot be released to the public or Plaintiff, including but not limited to, how often searches of areas, cells, inmates, visitors, and staff are conducted; the manner in which these searches should be conducted; and the precautions to be taken when conducting these searches.

DISCUSSION

When considering a motion for a TRO, the Court must consider: (1) the likelihood of success on the merits; (2) the probability of irreparable injury to the moving party in the absence

of such relief; (3) the possibility of harm to the non-moving party if relief is granted; and (4) the public interest. Opticians Ass'n v. Independent Opticians, 920 F.2d 187, 193 (3d Cir. 1990). Further, in regard to analyzing the merits of a motion for a preliminary injunction, "[a]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights" and that "[t]he relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." Hartmann v. Maybee-Freud, No. 06-340, 2006 U.S. Dist. LEXIS 58649, at *31 (D. Del. Aug. 21, 2006) (citing Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980); SI Handling Systems, Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985)).

The Court has considered Plaintiff's request, and after consideration of the four factors, the Court finds that Plaintiff did not carry his burden with respect to the four factors listed above. Additionally, the Court finds that Plaintiff is not in danger of suffering irreparable harm at the time that this preliminary injunction is requested to be issued.

Further, the Court has reviewed Exhibit C to the Declaration of Brenda A. Hutton, the New Jersey State Prisons Search Plan, filed in support of Defendants' opposition. After reviewing the exhibit, the Court finds that the release of the search plan to Plaintiff or the public would compromise the safety and security of the New Jersey State Prisons.

## CONCLUSION

For the above reasons, and for good cause shown,

IT IS on this 14th day of December, 2007,

ORDERED that Plaintiff's Motion for a Temporary Restraining Order [13] is DENIED; and it is further

ORDERED that Plaintiff's Motion for Preliminary Injunction [19] is DENIED; and it is further

ORDERED that Exhibit C to the Declaration of Brenda A. Hutton, the New Jersey State Prisons Search Plan, filed in support of Defendants' opposition, shall not be produced to Plaintiff.

                                                                s/ Anne E. Thompson
                                                ANNE E. THOMPSON, U.S.D.J.