NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| | : | |
| RASHAUN BARKLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civ. No. 07-2760 (AET) |
| v. | : | |
| | : | **MEMORANDUM AND ORDER** |
| MICHELLE RICCI, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

THOMPSON, U.S.D.J.

INTRODUCTION

This matter comes before the Court on Plaintiff Rashaun Barkley's Motion for

Reconsideration [37]. The Court considers Plaintiff's Motion for Reconsideration pursuant to

Local Civil Rule 7.1(i). The Court has decided this motion after reviewing the written

submissions of the parties. No oral argument was heard pursuant to Fed. R. Civ. P. 78. Because

Plaintiff fails to meet the standard required for the Court to grant a motion for reconsideration,

Plaintiff's motion is denied.

BACKGROUND

Plaintiff, a prisoner confined in New Jersey State Prison in Trenton, New Jersey, brings

this action, *pro se*, for money damages and declaratory relief against Defendants under 42

U.S.C.A. § 1983 for alleged Eighth Amendment violations. On September 13, 2007, Plaintiff

filed a Motion for Class Certification. On November 16, 2007, the Court denied Plaintiff's

Motion. On December 3, 2007, Plaintiff filed a second application for *pro bono* counsel, and the

instant motion, requesting that the Court reconsider Plaintiff's Motion for Class Certification.

On December 10, 2007, the Court denied Plaintiff's second application for *pro bono* counsel.

DISCUSSION

A.      Standard of Review

        A court will grant a motion for reconsideration only if the movant establishes: (1) an

intervening change in the controlling law; (2) the availability of new evidence that was not

previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest

injustice.  Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir.

1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

Under Local Civil Rule 7.1(i), a party making a motion for reconsideration must submit a "brief

setting forth concisely the matter or controlling decisions which the party believes the Judge . . .

has overlooked."  D.N.J. Civ. R. 7.1(i).  In other words, the movant may address only matters

that were presented to the Court, but were not considered by the Court in making the decision at

issue.  United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

"[R]econsideration is an extraordinary remedy, that is granted very sparingly."  Brackett v.

Ashcroft, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *5 (D.N.J. Oct. 7, 2003).

B.      Plaintiff's Motion for Reconsideration

        The Court incorporates the December 10, 2007 Order [38], which denied Plaintiff's

second application for *pro bono* counsel.  Plaintiff's motion fails to establish an intervening

change in the controlling law; the availability of new evidence that was not previously available;

or the need to correct a clear error of law or fact or to prevent manifest injustice pursuant to N.

River Ins. Co., 52 F.3d at 1218.  Accordingly, Plaintiff's Motion for Reconsideration is denied.

-2-

CONCLUSION

For the reasons given above, and for good cause shown,

It is on this 14th day of January 2008,

ORDERED that Plaintiff's Motion for Reconsideration [37] is DENIED.

s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.
