NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                        :
RASHAUN BARKLEY,                        :
                                        :
            Plaintiff,                  :
                                        :       Civ. No. 07-2760 (AET)
            v.                          :
                                        :
MICHELLE RICCI, et al.,                 :       **MEMORANDUM AND ORDER**
                                        :
            Defendants.                 :
_____ :

**THOMPSON, U.S.D.J.**

### INTRODUCTION

This matter comes before the Court upon Defendants Michelle Ricci, George Hayman,

Alfred Kandell, Donald Mee, Jr., and Captain Gooding's ("Defendants") Motion to Dismiss

Pursuant to Fed. R. Civ. P. 12(b)(6) and for Summary Judgment Pursuant to Fed. R. Civ. P. 56 in

Lieu of an Answer [41]. The Court has decided this motion based upon the submissions of the

parties, without oral argument, pursuant to Fed. R. Civ. P. 78. For the reasons discussed below,

the Defendants' motion is granted.

### BACKGROUND

On June 14, 2007, Plaintiff Rashaun Barkley filed this 42 U.S.C. § 1983 Complaint, *pro

se*, alleging that, as a New Jersey State Prison ("NJSP") inmate, assigned to the Management

Control Unit ("MCU"), serving administrative segregation time for a disciplinary infraction, he

was only receiving two hours of recreation per month for exercise and fresh air, in violation of

N.J. Stat. Ann. §§ 10A:4-10.16 and 10A:5-2.21(a). Plaintiff alleges deliberate indifference and

cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

The MCU Review Committee can assign an inmate to the MCU if, after considering the factors set forth in N.J. Stat. Ann. § 10A:5-2.4, it determines that the inmate poses a "substantial threat to the safety of others; damage to or destruction of property; or of interrupting the operation of a State correctional facility." N.J. Stat. Ann. § 10A:5-2.5. Further, inmates who have been deemed a threat to security to other inmates, or may be under a threat from other inmates, may be placed in non-congregate status. (Ricci Decl., ¶ 6.) Inmates on non-congregate status are considered high risk inmates, and, therefore, do not have any direct contact with other inmates. (Id. at ¶ 9.) These inmates are not allowed recreation, meals, or showers with other inmates and are escorted by two custody staff members. (Id. at ¶ 10.)

At the time of his Complaint, Plaintiff was an MCU inmate placed in non-congregate status. (Id. at ¶ 7.) On or about March 28, 2007, Plaintiff received a charge for assault and received administrative segregation. (Id. at ¶ 14.) Plaintiff was then determined to be a threat to other inmates as a result of this charge, and placed on non-congregate status. (Id. at ¶ 15.)

On November 16, 2007, Plaintiff filed a Motion to Amend the Complaint, alleging that on October 2, 2007, Defendants issued a new recreation schedule for the administrative segregation inmates housed in the MCU, in an attempt to meet the requirement of N.J. Stat. Ann. § 10A:4-10.16. However, Plaintiff alleged that the new schedule continued to violate the administrative code.

On December 17, 2007, Defendants filed the instant Motion to Dismiss and for Summary Judgment. However, in January 2008, after receiving approval and funds from the New Jersey

2

Department of Corrections to restructure one of the North Compound yards, to allow for more non-congregate recreation periods, the recreation schedule was again changed, and now gives inmates more than the minimum amount of recreation time set forth in N.J. Stat. Ann. § 10A:5-2.21(a).  (Ricci Supp. Decl., ¶¶ 3, 6, 11.)

APPLICABLE LAW

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P.  56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996).

In deciding whether there is a disputed issue of material fact, the Court must view the underlying facts and draw all reasonable inferences in favor of the nonmoving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986);  Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Hancock Indus. v. Schaeffer, 811 F.2d 225, 231 (3d Cir. 1987).  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor).

In deciding whether triable issues of fact exist, Rule 56(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or

> as otherwise provided in this rule, must set forth specific facts showing that
> there is a genuine issue for trial.  If the adverse party does not so respond,
> summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  The rule does not increase or decrease a party's ultimate burden of proof on a claim.  Rather, "the determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." Anderson, 477 U.S. at 255.

Under the rule, a movant must be awarded summary judgment on all properly supported issues identified in its motion, except those for which the nonmoving party has provided evidence to show that a question of material fact remains.  Celotex, 477 U.S. at 324.

The nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324;  see also Lujan v. National Wildlife Fed., 497 U.S. 871, 888 (1990) ("[T]he object of [Rule 56(e) ] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit"); Anderson, 477 U.S. at 249; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992) ("to raise a genuine issue of material fact . . . the [nonmoving party] need not match, item for item, each piece of evidence proffered by the movant," but rather must exceed the 'mere scintilla' threshold"), cert. denied, 507 U.S. 912 (1993).

DISCUSSION

A.   Plaintiff's Claims Against Defendants in their Official Capacity

The Eleventh Amendment precludes suit in federal court by any party seeking to recover money damages from the State.  Edelman v. Jordan, 415 U.S. 651, 653 (1974).  In Will v.

Michigan Dept. of State Police, 491 U.S. 58 (1989), the Supreme Court held that neither a state nor state officials sued in their official capacities for money damages are "persons" under § 1983, and suits against such are therefore barred.  Id. at 71.  Moreover, the Third Circuit has specifically held that the Eleventh Amendment bars suit against state officials sued in their "official capacity."  Melo v Hafer, 912 F.2d 628, 635 (3d Cir. 1990).  Therefore, any claims asserting monetary damages against Defendants in their official capacity is barred by the Eleventh Amendment.

In the instant case, Plaintiff also seeks an injunction pursuant to 42 U.S.C. § 1983 against Defendants.  Plaintiff seeks to enjoin Defendants from violating his constitutional rights. However, Defendants contend that Plaintiff is now receiving more than the minimum amount of recreation time set forth in N.J. Stat. Ann. § 10A:5-2.21(a).  (Ricci Supp. Decl., ¶¶ 6, 11.) Defendants have asserted that adjustments were made to increase the amount of recreation time the non-congregate inmates receive, after receiving approval and funds from the New Jersey Department of Corrections to restructure one of the North Compound yards, to allow for more non-congregate recreation periods.  (Ricci Supp. Decl., ¶ 3.)

A court must determine whether the facts underlying a dispute are still operative, and thus whether a judgment by the court would provide meaningful relief.  Wilmington Firefighters Local 1590 v. City of Wilmington Fire Dept., 824 F.2d 262, 266 (3d Cir. 1987).  If the requested relief is unavailable, then the court's opinion would merely be advisory and will not be rendered. Id.  Thus, a case is moot when: (1) the specific alleged violation at issue has ceased and it is not reasonably likely that it will occur again; and (2) the effects of the alleged violation have been eliminated by other interim relief and events.  New Jersey Turnpike Authority v. Jersey Cent.

5

Power and Light, 772 F.2d 25, 30 (3d Cir. 1985).  Because Plaintiff receives more than the minimum amount of recreation time set forth in N.J. Stat. Ann. § 10A:5-2.21(a), Plaintiff's Amended Complaint against Defendants seeking an injunction under 42. U.S.C. § 1983 is thus moot.

B.    Plaintiff's Eighth Amendment Claims

Plaintiff alleges that his Eighth Amendment rights were violated by Defendants. Accordingly, Plaintiff brings claims under 42 U.S.C. § 1983 based on the alleged Eighth Amendment violations.   In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of constitutional or federal right that was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994).

The Eighth Amendment provides that, "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII.  Plaintiff alleges that his Eighth Amendment rights were violated by not being allowed sufficient recreation time pursuant to N.J. Stat. Ann. § 10A:5-2.21(a).  "[E]fforts shall be made to provide opportunities for exercise and recreation consistent with custodial considerations."  Id.  However, inmates in the MCU shall be permitted a minimum of two hours exercise per week "unless compelling security, safety, or weather reasons dictate otherwise."  Id.

Defendants contend that the current NJSP infrastructure, with the security concerns of the non-congregational inmates, made it difficult to give the non-congregational inmates two hours of recreation per week.  (Ricci Decl., ¶ 20.)  Defendants assert that there are only two recreational yards for the custody units that house non-congregational inmates, and these two recreational

yards are shared with inmates from the Capital Sentence Unit, as well as inmates housed in the infirmary, recuperating from medical problems.  (Ricci Decl., ¶ 26.)  Therefore, Defendants claim that, before the new recreational schedule, the MCU non-congregate inmates were receiving one hour and fifteen minutes of recreation every twelve days because of the security concerns associated with these inmates, and the availability of only two, shared, recreation yards.

Defendants have reevaluated and readjusted the implementation of recreational time in order to give MCU non-congregational inmates additional time.  On October 1, 2007, the recreation schedule was restructured to increase the amount of recreation time for non-congregate inmates.  Additionally, in January 2008, after receiving approval and funds from the New Jersey Department of Corrections, the recreation schedule was again changed, and now gives inmates more than the minimum amount of recreation time set forth in N.J. Stat. Ann. § 10A:5-2.21(a).  Therefore, the security concerns Defendants maintained with the MCU non-congregational inmates, the infrastructure of the NJSP, and the reevaluation of the recreational schedule which resulted in less recreation time for Plaintiff than required by statute, does not amount to deliberate indifference and cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

C.       Plaintiff's Claim for Punitive Damages

A claim for punitive damages "may lie only where there is a valid underlying cause of action."  Smith v. Whitaker, 160 N.J. 221, 235, 734 A.2d 243, 250 (N.J. 1999).  Since Plaintiff's underlying claims have failed, his claim for punitive damages must also fail.  Without any underlying cause of action, summary judgment as to Plaintiff's claim for punitive damages is appropriate.  As a result, Defendants' Motion to Dismiss and for Summary Judgment is granted

in its entirety.

<u>CONCLUSION</u>

For the foregoing reasons, and for good cause shown,

IT IS on this 28th day of March, 2008,

ORDERED that Defendants Michelle Ricci, George Hayman, Alfred Kandell, Donald

Mee, Jr., and Captain Gooding's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and for

Summary Judgment Pursuant to Fed. R. Civ. P. 56 in Lieu of an Answer [41] is GRANTED; and

it is further

ORDERED that Defendants' Motion for an Extension of Time to File an Answer to the

Amended Complaint [70] is DISMISSED as MOOT; and it is further

ORDERED that this case is closed.

s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.