NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RASHAUN BARKLEY, Plaintiff, v. MICHELLE RICCI, et al., Defendants. | Civ. No. 07-2760 (AET) **MEMORANDUM AND ORDER** |

**THOMPSON, U.S.D.J.**

INTRODUCTION

This matter comes before the Court upon Plaintiff Rashaun Barkley's Motion for Reconsideration of the Court's March 28, 2008 Order, granting Defendants' Motion to Dismiss and for Summary Judgment [74]. The Court has decided this motion based upon the submissions of the parties, without oral argument, pursuant to Fed. R. Civ. P. 78. For the reasons discussed below, Plaintiff's motion is denied.

BACKGROUND

The Court incorporates the March 28, 2008 Order [72], which granted Defendants' Motion to Dismiss and for Summary Judgment. On June 14, 2007, Plaintiff Rashaun Barkley filed a 42 U.S.C. § 1983 Complaint, *pro se*, alleging that, as a New Jersey State Prison ("NJSP") inmate, assigned to the Management Control Unit ("MCU"), serving administrative segregation time for a disciplinary infraction, he was receiving only two hours of recreation per month for exercise and fresh air, in violation of N.J. Stat. Ann. §§ 10A:4-10.16 and 10A:5-2.21(a).

Plaintiff alleged deliberate indifference and cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

On March 28, 2008, the Court granted Defendants' Motion to Dismiss and for Summary Judgment. On April 9, 2008, Plaintiff filed the instant Motion for Reconsideration of the Court's March 28, 2008 Order.

APPLICABLE LAW

A court will grant a motion for reconsideration only if the movant establishes: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). Under Local Civil Rule 7.1(i), a party making a motion for reconsideration must submit a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." D.N.J. Civ. R. 7.1(i). In other words, the movant may address only matters that were presented to the Court, but were not considered by the Court in making the decision at issue. United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). "[R]econsideration is an extraordinary remedy, that is granted very sparingly." Brackett v. Ashcroft, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *5 (D.N.J. Oct. 7, 2003).

DISCUSSION

Plaintiff asserts that the Court erred in granting Defendants' Motion to Dismiss and for Summary Judgment because there existed a genuine issue of material fact. Plaintiff argues that the Court's February 19, 2008 Order on Plaintiff's motion for judicial notice, in which the Court

found "that there is a reasonable dispute among the parties as to which administrative code section, either N.J. Stat. Ann. § 10A:5-3.13 or N.J. Stat. Ann. § 10A:5-2.21, applies," shows a genuine issue of material fact. In that motion, Plaintiff sought the Court to take judicial notice that "when an inmate is sanctioned and is serving administrative segregation time, his recreation should be governed by N.J. Stat. Ann. § 10A:5-3.13 for administrative segregation inmates."

The Court's determination of whether Plaintiff's proposed "fact" was judicially noticeable does not create a genuine issue of material fact. Moreover, N.J. Stat. Ann. § 10A:5-3.13 provides, "where physical facilities permit, each inmate in an Administrative Segregation Unit shall be allowed recreation and exercise outside the cell at least five hours per week, unless to do so would adversely affect the security or orderly operations of the correctional facility." N.J. Stat. Ann. § 10A:5-3.13. Additionally, N.J. Stat. Ann. § 10A:5-2.21 states, that "efforts shall be made to provide opportunities for exercise and recreation consistent with custodial considerations. Each inmate in the MCU shall be permitted the minimum of two hours exercise each week and every effort shall be made to provide at least five hours per week, unless compelling security, safety or weather reasons dictate otherwise." N.J. Stat. Ann. § 10A:5-2.21.

In their Motion to Dismiss and for Summary Judgment, Defendants provided evidence showing that they continually make changes in the recreation schedules in order to increase the amount of outdoor recreation time provided to NJSP inmates. The Court concluded that the security concerns Defendant maintained with MCU non-congregational inmates, the infrastructure of the NJSP, and the reevaluation of the recreational schedule did not amount to deliberate indifference. Reading both statutes, Defendants complied with both N.J. Stat. Ann. § 10A:5-2.21 and N.J. Stat. Ann. § 10A: 5-3.13 by providing recreational time to Plaintiff

consistent with custodial considerations, security and safety concerns, physical facilities, and the general operation of the correctional facility.

Additionally, Plaintiff states that the Court erred in determining that the matter was "moot." However, in its March 28, 2008 Order, the Court did not determine that the matter was moot. Specifically, the Court held that Defendants were entitled to summary judgment because the conduct in this matter "does not amount to deliberate indifference and cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution." (March 28, 2008 Order 7.) Specifically, the security concerns Defendants maintained with the MCU non-congregational inmates, the infrastructure of the NJSP, and the reevaluation of the recreational schedule which resulted in less recreation time for Plaintiff than referred to in the statute, did not amount to deliberate indifference.

Further, Plaintiff also argues that his claims for damages are not moot because even assuming Defendants are now providing him with the appropriate amount of recreation time, he is entitled to damages for the prior deprivation of recreation time. However, the Court held that Defendants' conduct did not rise to the level of deliberate indifference and cruel and unusual punishment in violation of the Eighth Amendment. Thus, the Court found that no underlying cause of action exists. Without an underlying cause of action, summary judgment on Plaintiff's claims for damages was appropriate, and, therefore, the Court did not dismiss Plaintiff's claim for damages as moot.

Plaintiff also argues that the Court erred in finding Plaintiff's claim for injunctive relief to be moot. The Court found that the claim was moot because the specific alleged violation at issue had ceased and the effects of the alleged violation were eliminated by other interim relief and

events. New Jersey Turnpike Authority v. Jersey Cent. Power and Light, 772 F.2d 25, 30 (3d Cir. 1985). The Court found that the evidence in the record reveals that Plaintiff now receives more than the minimum amount of recreation time set forth in N.J. Stat. Ann. § 10A:5-2.21(a), and that changes in the recreation schedules for NJSP inmates are ongoing. Accordingly, the Court held Plaintiff's claim for injunctive relief moot.

Plaintiff has failed to establish an intervening change in the controlling law; the availability of new evidence that was not previously available or the need to correct a clear error of law or fact or to prevent manifest injustice. Therefore, Plaintiff's Motion for Reconsideration is denied.

CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 6th day of May, 2008,

ORDERED that Plaintiff Rashaun Barkley's Motion for Reconsideration [74] is DENIED.

/s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.