UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **RASHAUN BARKLEY,** | : | **Civil Action No.: 07-2760 (AET)** |
| **Plaintiff,** | : | |
| v. | : | **ORDER** |
| **MICHELLE R. RICCI, et al.,** | : | |
| **Defendants.** | : | |

This matter having come before the Court on Motion by *pro se* Plaintiff Rashaun Barkley ("Plaintiff") to "extend time to file pretrial memorandum and/or for clarification of the amended scheduling order" ([dkt. entry no. 160], returnable January 18, 2011; and counsel for Defendants Ricci, Kandell, Mee, Gooding, Hayman, Dill, Newsom, Nolan, Vaocolo, and Gray (collectively, "Defendants") indicating that no opposition will be submitted; and Plaintiff noting that the Amended Scheduling Order requires Plaintiff to serve his Pretrial Memorandum by December 15, 2010 and Defendants to file the integrated Pretrial Memorandum by January 10, 2011 (Decl. of Pl. at 1-2); and Plaintiff noting that Defendants filed a motion for summary judgment on November 30, 2010 to which Plaintiff filed responded on December 28, 2010 (*Id*. at 2); and Plaintiff requesting clarification as to whether he is still required to submit a Pretrial Memorandum and indicating that he will need additional time to do so (*Id*. at 2-3); and the Court having reviewed Plaintiff's written submissions; and no response having been submitted by Defendants; and the Court having considered the matter pursuant to FED. R. CIV. P. 78;

**IT IS** on this 6th day of January, 2011,

**ORDERED** that Plaintiff's Motion to "extend time to file pretrial memorandum and/or for clarification of the amended scheduling order" [dkt. entry no. 160] is **GRANTED**; and it is further

**ORDERED** that, if necessary, within thirty (30) days after disposition of Defendants'

pending motion for summary judgment, Plaintiff shall submit one (1) original and one (1) copy of his Pretrial Memorandum to the Honorable Douglas E. Arpert, U.S.M.J. and to Defendants' counsel; and it is further

**ORDERED** that within twenty-one (21) days of receipt of Plaintiff's Pretrial Memorandum, Defendants' counsel shall incorporate Plaintiff's Pretrial Memorandum into Defendants' Pretrial Memorandum and shall submit same to the Honorable Douglas E. Arpert, U.S.M.J.; and it is further

**ORDERED** that copies of all Pretrial Memoranda shall be served on opposing *counsel/pro se* litigant; and it is further

**ORDERED** that the Pretrial Memoranda ***shall not be filed on CM/ECF by the parties***; and it is further

**ORDERED** that the parties are to comply with the enclosed directives regarding the contents of the Pretrial Memoranda; and it is further

**ORDERED** that there will be no further extensions of the deadlines established herein except upon formal motion and a showing of good cause.

    s/ *Douglas E. Arpert*  
    **DOUGLAS E. ARPERT**  
    **UNITED STATES MAGISTRATE JUDGE**

**Pretrial Memorandum Instructions**

Each party shall prepare a Pretrial Memorandum which shall contain the following information:

1. A concise statement of the nature of the action and of the jurisdiction of this Court.
2. The admissions of stipulations of the parties with respect o the cause of action pleaded by plaintiff or defendant-counterclaimant.
3. The factual (not conclusory) and legal contentions of the plaintiff as to the liability for the defendant, which shall be set forth on separate sheets.
4. The factual (not conclusory) and legal contentions of the defendant as to non-liability and affirmative defenses, which shall be set forth on separate sheets.
5. All claims as to damages and the extent of injury, and admissions or stipulations with respect thereto.  Requirements of this paragraph will not be satisfied by incorporating through reference answers to interrogatories.
6. A specification of the legal issues to be determined at trial, including all evidence problems which are anticipated for trial.
7. A list of the exhibits offered by each party.
8. The name of each proposed expert witness together with each such expert's qualifications and report.
9. The names and current addresses of every proposed witness together with a summary of the testimony expected from each.

**************************************************************************

Failure to set forth any of the information described above shall preclude the party who omitted that information from presenting it at trial.