NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Rashaun BARKLEY,

    Plaintiff,

v.

Michelle R. RICCI, et al.,

    Defendants.

Civ. No. 07-2760

OPINION & ORDER

THOMPSON, U.S.D.J.

This matter comes before the Court upon Defendants Dill, Gooding, Gray, Hayman, Kandell, Mee, Jr., Newsom, Nolan, Ricci, and Vaocolo's Motion for Summary Judgment [docket #158]. The Court has decided the motion upon consideration of the parties' submissions, without holding oral argument, pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, the motion is granted.

BACKGROUND

Plaintiff Rashaun Barkley is a New Jersey State Prison ("NJSP") inmate who was housed in the Management Control Unit ("MCU") at the time he filed the complaint. The MCU is a close-custody unit that houses those inmates who pose a substantial security threat. N.J.A.C. 10A:5-1.3. In addition, particularly high-risk MCU inmates may be placed in "non-congregate" status, meaning they have no direct contact with other inmates at any time. (Ricci Decl. ¶ 5) [41-4]. An inmate assigned to the MCU is initially placed in non-congregate status for thirty to ninety days, which can be extended for disciplinary violations; this classification is known as "Phase I." (Hutton Decl. Ex. E, F) [32-1]. Inmates with positive behavior reports can proceed from Phase I to Phase II (congregate status) to Phase III (extended congregate programming)

1

before being returned to the general prison population. (*Id.* Ex. E.) If an inmate is transferred out of MCU and then placed back in MCU for any reason, the inmate will start over at Phase I. (*Id.* Ex. E, F.)

Plaintiff was transferred to NJSP in 2002. He was deemed to pose a substantial threat and placed in the MCU on non-congregate status. (*Id.* at 13); (Ricci Decl. ¶ 11) [41-4]. On March 28, 2007, while in Phase II, he was charged with assault; he was placed on administrative segregation until October 9, 2007, and then returned to MCU Phase I, non-congregate status. (Ricci Decl. ¶ 14-15) [41-4].

Plaintiff filed a 42 U.S.C. § 1983 complaint on June 14, 2007, alleging that he received inadequate outdoor recreation time while he was in the MCU, which he claimed constituted cruel and unusual punishment in violation of the Eighth Amendment. (Compl. 2) [1]. The Court granted summary judgment in favor of all Defendants on these claims, finding that security needs and limited resources dictated the limited recreation time and Defendants were not deliberately indifferent to Plaintiff's needs. (Order 6–7, Mar. 28, 2008) [72].

On October 5, 2007, Plaintiff's cell was searched and officers found a pen that they believed was modified for use as a weapon. (Hutton Decl. Ex. D) [32-1]. Plaintiff was served with an administrative charge, but the charge was dropped because of a delay in serving him. (*Id.*) Plaintiff was then granted leave to file a supplemental complaint. In his supplemental complaint, he alleges that the Defendants retaliated against him for filing this lawsuit by initiating the disciplinary charge against him, placing him on non-congregate status, and confiscating his mail. (Third Supplemental Compl. ¶ 13) [66].

The Defendants now move for summary judgment as to the claims in the supplemental complaint, arguing that Plaintiff has failed to exhaust all available administrative remedies and that he has failed to support the remaining claim of retaliation.

ANALYSIS

A.  **Legal Standard**

Summary judgment is proper when "the pleadings, the discovery and disclosure materials, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court will "view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." *Id.*; *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002). In resolving a motion for summary judgment, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251–52 (1986). More specifically, the Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the movant's motion is supported by facts, the party opposing summary judgment "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). More than a mere "scintilla of evidence" supporting the non-moving party is required. *Anderson*, 477 U.S. at 252. Properly applied, Rule 56 will "isolate and dispose of factually unsupported claims or defenses" before those issues come to trial. *Celotex*, 477 U.S. at 323–24.

**B. Exhaustion of Remedies under**

The Prison Litigation Reform Act ("PLRA") provides that an inmate cannot bring a § 1983 claim with respect to prison conditions[1] "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory even if the inmate believes such administrative remedies are futile and even if the available administrative processes cannot grant the desired remedy. *Booth v. Churner*, 532 U.S. 731, 739–41 (2001). To avoid procedural default of a claim, a plaintiff's exhaustion must be "proper," meaning the plaintiff must adhere to all procedural rules and deadlines. *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006). However, compliance is deemed "satisfactory if it is substantial." *Nyhuis v. Reno*, 204 F.3d 65, 77–78 (3d Cir. 2000). In determining whether a plaintiff properly exhausted all available remedies, the prison's grievance procedures govern. *See Spruill v. Gillis*, 372 F.3d 218, 231 (3d Cir. 2004) ("prison grievance procedures supply the yardstick for measuring procedural default"); *Concepcion v. Morton*, 306 F.3d 1347, 1354–55 (3d Cir. 2002).

Here, the New Jersey Administrative Code and the NJSP Inmate Handbook ("the Handbook") prescribes the procedures inmates must follow. (Hsia Letter, Handbook 95–98) (hereafter, "Handbook") [169]; N.J.A.C. 10A:1-4.1, *et seq*. Inmates can initiate a grievance by filling out the first section (Part 1) of an Inmate Remedy Form ("IRF"). (Handbook 97); N.J.A.C. 10A:1-4.5(b); (*see* Opp'n Br. Ex. A) [161]. Correctional facility staff will provide a response to the grievance in Part 2 and 3 of the IRF and return the form to the inmate. (Handbook 97); N.J.A.C. 10A:1-4.5(e); (*see* Opp'n Br. Ex. A). If the inmate is not satisfied with the response, he may file an appeal by completing Part 4 of the IRF and re-submitting the form.

---

[1] Plaintiff's allegation of retaliatory conduct is considered a claim "with respect to prison conditions." *See Boyd v. United States*, 2010 WL 3899583, at *2 (3d Cir. Oct. 6, 2010) (holding that inmate failed to exhaust remedies for retaliation claim and stating that "[a]ll suits deriving from prison life and conditions, 'whether they involve general circumstances[,] particular episodes[,] . . . excessive force[,] or some other wrong,' fall under the ambit of the PLRA." (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)).

(Handbook 97); (*see* Opp'n Br. Ex. A). A response to the appeal is provided in Part 5. (Handbook 97); (*see* Opp'n Br. Ex. A).

Plaintiff did file several IRF's relating to his claim of retaliation. (Opp'n Br. Ex. A, B, C, D) [161]. He received responses to each of his complaints in Part 2 and 3 of the form. (*Id.*) However, he did not appeal any of the responses by completing Part 4 of the form. (*Id.*) Instead, Plaintiff claims that, when he is dissatisfied with a response he receives, he prefers to "appeal" by submitting an entirely new IRF that references the original IRF, rather than fill in the appeal box on the original IRF. (Hsia Decl. Ex. 1, at 72:12-75:8) [158-3].

We find that Plaintiff's failure to follow the grievance procedure by appealing his complaint in the appropriate section of the IRF means that he has not properly exhausted his administrative remedies. *See Woodford*, 548 U.S. at 90–91. The Handbook clearly states: "Appeals must be submitted using the yellow copy (copy returned to you) of the **original** [IRF] form you submitted. Complete part 4 (part 1, 2 and 3 will have already been processed.)" (Handbook 98) (emphasis in original). When Plaintiff submitted new IRF's instead of appealing his original IRF's, he deviated from the process in a meaningful way.

Plaintiff makes two arguments why he was not required to submit his appeal on the proper form. First, Plaintiff argued in his deposition, and now offers the declaration of a fellow inmate in support, that the IRF process does not provide the inmate with "a verifiable chain of receipt and reply." (Stovall Decl. ¶ 3) [162]; (*see* Hsia Decl. Ex. 1, at 72:12-25) [158-3]. Second, he claims that his failure to follow the proper procedure was harmless because his appeals would not have been directed up the chain of NJSP administration, but rather to the assistant attorney general handling his litigation. (Opp'n Br. 14) [161]. We offer no opinion on the accuracy of these claims, but even if they were true, it would not excuse Plaintiff's non-

compliance. An inmate must follow all procedural rules even if he believes they would be futile. *Woodford*, 548 U.S. at 90–91; *Booth*, 532 U.S. at 739–41. That is what "exhaustion" requires.

Accordingly, Plaintiff has not satisfied the PLRA's exhaustion requirement, and we grant summary judgment in favor of the Defendants and dismiss all of Plaintiff's remaining claims.[2]

## CONCLUSION

For the reasons given above, IT IS on this 28th day of February, 2011,

ORDERED that Defendant's Motion for Summary Judgment [docket # 158] is GRANTED; and it is further

ORDERED that judgment is entered in favor of Defendants Dill, Gooding, Gray, Hayman, Kandell, Mee, Jr., Newsom, Nolan, Ricci, and Vaocolo; and it is further

ORDERED that this case is closed.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

---

[2] Because Plaintiff has failed to exhaust the available administrative remedies, we need not address Defendants' second argument that Plaintiff has failed to support his claims adequately.

6